[Civ. No. 932.   First Appellate District.—February 25, 1911.]

## SADIE LAWSON, Appellant, v. ALFRED B. LAWSON, Respondent.

HUSBAND AND WIFE—JUDGMENT FOR ALIMONY—PARTIAL EXEMPTION—SUPPORT OF FORMER HUSBAND'S INDIGENT MOTHER AND SECOND WIFE.—Where a former wife had obtained a divorce from her husband, and was seeking to enforce a judgment for alimony out of the whole of his earnings, it is held that the court properly made an order of partial exemption out of such earnings both for the support of such former husband's indigent mother residing in the state, who was dependent solely on her son's support, and also for the support of his second wife, with whom he was living, thus showing that he undoubtedly came within the exemption of the statute.

ID.—PRINCIPLES OF LAW SAME AS IN CASE No. 935.—It is held that the principles of law involved are the same as in case No. 935, *supra*, and that upon the authority of that case, the order appealed from is affirmed.

APPEAL from an order of the Superior Court of the City and County of San Francisco allowing partial exemption of the earnings of a judgment debtor as against a judgment for

alimony in favor of his divorced wife. Thos. F. Graham, Judge.

The facts are stated in the opinion of the court.

H. H. McPike, and Crittenden Thornton, for Appellant.

Leon Samuels, and Jacob S. Meyer, for Respondent.

KERRIGAN, J.—This is an appeal from an order declaring exempt from execution a proportion of a certain fund, consisting of salary of the defendant as justice of the peace, earned within thirty days prior to attachment. The order also directed that the said proportion of said fund be paid over to the defendant. The appeal is taken by the plaintiff.

Though coming here upon a separate transcript, the appeal was argued with and submitted upon the same briefs as case numbered 935 in this court, bearing the same title, and in which we have this day affirmed the order of the trial court (*ante,* p. 496).

The fund, with reference to which the order appealed from in this case was made, is in the same situation as in said case numbered 935, and the order was made under the same circumstances, except that this is the first order made in regard to the fund involved in this appeal, and that the evidence produced in support of defendant's claim of exemption showed not only that he contributed to the support of his dependent mother, residing in this state, but that he had again married and was living with such wife—thus showing that he undoubtedly came within the exemption of the statute.

The principles of law are the same in both cases; and for the reasons stated in the opinion of this court affirming the order in said cause numbered 935, the order in this case is also affirmed.

Hall, J., and Lennon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 26, 1911.

Beatty, C. J., dissented from the order denying a hearing in the supreme court and filed the opinion reported *ante,* p. 501.